OPINION AND ORDER
Associate Justice DESMOND:
These two related employee grievance matters are appeals by Cathy Dupuis, *21 (“Ms. Dupuis”), of two Tribal Trial Court Orders of January 18, 2000, upholding administrative action of the Tribal Personnel Department, (“Personnel”).[1]
II. FACTUAL AND PROCEDURAL BACKGROUND
We summarize the factual and procedural background as follows.[2] At all times relevant to this appeal, Ms. Dupuis was an employee of the Tribal Natural Resources Department. During that time, she filed two employee grievances that are the subject of this appeal, which we refer to as the “work break” case and the “sick leave” case.
The work break ease, Cause No. AP 97-026 JR, appeals the Tribal Court’s judicial review of Ms. Dupuis’s grievance (filed 9/13/96, re-filed 10/9/96), of disciplinary action, (a twro-day suspension), imposed on September 10, 1996. On that date, Ms. Dupuis allegedly left her work location for a period of time in excess of an ordinary break and did not return when asked to do so by a superior. The sick leave case, Cause No. AP 97-088 JR, appeals the tribal court’s judicial review of Ms. Du-puis’s grievance (filed 11/13/96, consolidated with appeal filed 11/20/96), of disciplinary action, (cancellation of credit for five hours of sick leave and replacement with five hours of absent without leave), imposed on November 1, 1996. The disciplinary action was imposed in connection with events on October 30, 1996, when Ms. Dupuis asked for and received sick leave but was allegedly not eligible for sick leave because she remained at the tribal complex rather than going home.
In the wmrk break ease, Ms. Dupuis sought exoneration as well as pay for the two days for which she was suspended. Her work break grievance was heard by a three-person grievance committee on December 16, 1996. On December 19, 2000, the grievance committee issued a decision finding that the disciplinary action was both justified and in compliance with Ordinance 69B.
In the sick leave ease, Ms. Dupuis sought credit for five hours of sick leave. Her sick leave grievance was heard by a three-person grievance committee on March 12, 1997. On March 14, 1997, the grievance committee issued a decision finding that the disciplinary action was both justified and in compliance with Ordinance 69B.
On judicial review', the tribal trial court ruled against Dupuis in both matters, in identical Orders, which stated in their entirety:
Upon the careful and thorough review of the complete record of the grievance process and the administrative action underlying this case, the Court finds that the Tribal personnel policies and procedure were followed and the decision of the Grievance Committee was not arbitrary and capricious.
Decision, January 18, 2000.
III. DECISION
Ms Dupuis challenges both the decisions of the trial court and the procedure that led to them. Specifically, in her view, fix'st, Judge Acevedo should have held a *22 healing prior to each decision and second, his determinations were incorrect. The Tribal Personnel Department contends that the Tribal Trial Court correctly interpreted and applied the law, that the decisions of the grievance committees were correct and not arbitrary and capricious and that Ms. Dupuis’s grievances have been taken seriously and received a great deal of attention.
The law in effect at the time Petitioner’s claim arose is found in Tribal Ordinance 69B, Personnel Rules, Regulations and Procedures Manual. Section 8 — Judicial Review, provides in relevant part:
Judicial Review means that the Tribal Court will carefully and thoroughly make a review of the administrative action to determine whether the policies and procedures were followed and that the decision was not arbitrary and capricious.
Chapter XIV, Ordinance 69B.
Out of respect for the tribal trial court, we assume that it did in faet, “carefully and thoroughly make a review of the administrative action.” Yet, the written record does not evidence this detailed review. The Tribal Personnel Department is correct that the applicable tribal code provision does not require a hearing and we find no other authority imposing a hearing requirement. We do read the case of Pablo v. Confederated Salish and Kootenai Tribes, Cause No. 92-CV-170-AP (April 20, 1994), as underscoring the importance of strict compliance by all parties with the provisions and intent of Ordinance 69B. In the absence of either a hearing or detailed findings, Appellant has not been shown that the required level of review occurred in the tribal trial court.
When the Tribal Council adopted section 8, it did not specify an exact process of the review to be conducted by the tribal trial court. Yet the Tribal Council intended that whatever process the tribal trial court chose to follow, it must be conducted “carefully and thoroughly.” If we were to affirm the Tribal Trial Court’s ruling, we would run the risk of rendering Section 8 meaningless. Further, the parties are entitled to a written statement showing that a full review, within the meaning of this section occurred. The brevity of the decision of the tribal trial court does not evidence compliance with Section 8,
Therefore, based on the foregoing,
IT IS HEREBY ORDERED that this matter is remanded to the Tribal Trial Court for further proceedings in accordance with this decision.
Chief Justice SMITH and Justice DUPUIS concur in this decision.

. Appellant included in her written filings a number of factual references that either are not in the record or are irrelevant to these appeals, or both. This was the subject of Appellee’s Motion to Strike, which we deny. Instead, this Court has ignored all facts not present in the administrative or court record.

. In view of our disposition of this matter, we have chosen to provide only an overview of the setting of the ease.